Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1532 | **DATE** | 1/19/2001 |
| **CASE TITLE** | Sec Ins Co of Hartford vs. DHL Worldwide Express, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's Motion to Deem Plaintiff's Request to Admit No. 23 to Defendants DHL Admitted Pursuant to Federal Rule of Civil Procedure 36(a) (7-1) is denied. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 22 2001 date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | VKD courtroom deputy's initials | 01 JAN 22 AM 8:52 | 1/19/2001 date mailed notice | |
| | | | VKD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

SECURITY INSURANCE COMPANY )
OF HARTFORD a/s/o MOTOROLA, )
INC. )
        Plaintiff, )  No. 00 C 1532
  v. )
         )  Magistrate Judge
DHL WORLDWIDE EXPRESS NV, AND )  Arlander Keys
DHL AIRWAYS, INC. )
        Defendants. )

JAN 22 2001

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Security Insurance Company of Hartford a/s/o Motorola, Inc.'s ("Motorola") Motion to Deem Plaintiff's Request to Admit No. 23 to Defendants DHL Admitted Pursuant to Federal Rule of Civil Procedure 36(a) ("Motion to Admit"). For the reasons set forth below, the Court denies Motorola's Motion to Admit.

On or about August 12, 2000, Plaintiff served Defendants with Requests to Admit pursuant to Federal Rule of Civil Procedure 36(a). Paragraph 23 of Plaintiff's Requests to Admit stated as follows:

23. Do you admit that the subject shipment(s) was stolen by unknown persons after DHL released the subject shipment to Ciesta and/or Cellular Express.

On September 8, 2000, DHL responded, in pertinent part, that, "DHL denies any knowledge regarding what occurred with respect to the



shipments after they were released by DHL and therefore denies it knows whether or not 'the subject shipment(s) was stolen by unknown persons.'"

Plaintiff asserts that Defendants' answer to Request to Admit No. 23 is deficient (and therefore should be admitted), because it does not state the requisite language in Rule 36(a), that the party made a "reasonable inquiry" and that "the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Rule 36(a) of the F.R.C.P.

Even if the Court were to agree that Defendants' answer did not satisfy the requirements of Rule 36(a), by not tracking word-for-word the aforementioned quoted language, Defendants corrected this alleged deficiency on September 12, 2000 - only one day after Plaintiff's Motion to Admit was filed with the Court.

Despite the detailed briefs on both sides, the issue before the Court boils down to the following: Should the Court allow Defendants' amended response (to Plaintiff's Request to Admit No. 23) to cure the technical deficiencies raised in Plaintiff's Motion to Admit? Rule 36 of the Federal Rules of Civil Procedure explicitly states that, "[i]f the court determines that an answer does not comply with the requirements of this rule, it *may* order

-2-

either that the matter is admitted *or that an amended answer be served.*" Rule 36(a) of F.R.C.P.;(emphasis added). In this case, Defendants timely corrected the alleged deficiency one day after it was brought to their attention by Plaintiff's Motion to Admit, the present Motion before the Court. Rule 36 is not a trap for the unwary. Under these circumstances - where Defendants timely corrected the alleged deficiency - the Court does not even need to determine whether Defendants' initial response to Request to Admit No. 23 was truly deficient[1], as Plaintiff alleges.

Accordingly, Plaintiff's Motion to Admit is denied.

---

[1] Defendants argue that they had, indeed, made a good faith attempt to answer Request to Admit No. 23 in their initial response, but since knowledge of the events discussed in Request to Admit No. 23 rested with third parties, they could not answer the Request to Admit. Plaintiff's argument that Defendants had, essentially, already answered Request to Admit No. 23 in a September 15, 1999 letter from Paula R. Berkeley - and were only trying to increase litigation costs by not answering Request to Admit No. 23 - is unavailing. As pointed out by Defendants, Ms. Berkeley's letter merely stated that there was a "hijacking" of the shipment. She did not state that "unknown persons" stole the shipment. Arguably, the term "unknown persons" is ambiguous because, perhaps, the Mexican authorities know who the perpetrators are. The overriding point, that Defendants have been trying to make, is that they have insufficient knowledge as to whom the perpetrators are, because the reported hijacking was perpetrated on a trucking company not associated with Defendants.

IT IS THEREFORE ORDERED that:

Plaintiff's Motion to Admit, and the same hereby is, DENIED.

Dated: January 19, 2001

ENTER:

ARLANDER KEYS
United States Magistrate Judge